UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALONZO ROSS,

                          Plaintiff,

        v.                                        9:14-CV-1321
                                                     (GTS/DJS)

CARL J. KOENIGSMANN, et al.,

                          Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

ALONZO ROSS
12-B-3789
Plaintiff, pro se
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

HON. ERIC T. SCHNEIDERMAN         CHRISTOPHER J. HUMMEL, ESQ.
New York State Attorney General           Ass't Attorney General
Attorney for Defendants
Litigation Bureau
The Capitol
Albany, New York 12224

GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

Plaintiff Alonzo Ross commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 asserting allegations of wrongdoing that occurred, if at all, while plaintiff was incarcerated at Mid-State Correctional Facility ("Mid-State C.F.") between April 5, 2013 and February, 2014. Dkt. No. 1 ("Compl."). In the complaint, plaintiff alleged that defendants Koenigsmann, Ramineni, Mannava, Ferguson, and Reese were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United

States Constitution and (2) defendants Ramineni, Mannava, Ferguson, and Reese retaliated against plaintiff in violation of his First Amendment rights. *See generally* Compl. Defendants submitted an answer to plaintiff's complaint. Dkt. No. 20. After the completion of discovery, defendants filed a motion for summary judgment. Dkt. No. 31. Plaintiff responded in opposition to defendants' motion for summary judgment and submitted a cross-motion for summary judgment. Dkt. No. 64. Defendants opposed plaintiff's cross-motion for summary judgment and plaintiff replied to their response. Dkt. Nos. 68, 69. United States Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order addressing the motion for summary judgment and the cross-motion for summary judgment.[1] Dkt. No. 79. Presently before the Court is plaintiff's motion requesting preliminary injunctive relief. Dkt. No. 74.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief

---

[1] The Report-Recommendation will be addressed in a separate order of this Court.

2

requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).  The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order.  *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).  The district court has wide discretion in determining whether to grant preliminary injunctive relief.  *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005).  "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons."  *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

As noted above, plaintiff's complaint alleges that the defendants denied him adequate medical care for his serious medical needs and retaliated against him while he was incarcerated at Mid-State C.F. between 2013 and 2014.[2]  *See generally* Compl.  In his motion for preliminary injunctive relief, plaintiff alleges that he is presently not receiving adequate medical care for his serious medical needs at Wende Correctional Facility ("Wende C.F.")

---

[2]  Plaintiff was transferred out of Mid-State C.F. in February, 2014.  Dkt. No. 79 at 9.  Plaintiff was released to parole supervision on October 16, 2016, but was re-incarcerated on March 18, 2016.  *See* Dkt. No. 74-1 at 4; *see also* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last visited September 14, 2016).

3

where he is now incarcerated.  Dkt. No. 74.  Plaintiff seeks a court order (1) enjoining Carl J. Koenigsmann, Dr. J. Lovette, and Nurse Practitioner L. Darling from "denying plaintiff a cane [and] effective pain management" and prescribing plaintiff Ibuprofen "and any other medication which is worsening his serious medical condition," and (2) directing Koenigsmann, Lovette, and Darling to "prescribe plaintiff orthopedic footwear, as the state issue boots and sneakers [are] worsening his serious medical condition."  Dkt. No. 74-5.  Koenigsmann is a defendant in this action.[3]  *See generally* Compl.  Lovette and Darling are not parties to this action, and appear to be employed at Wende C.F.  *See* Dkt. No. 74-3 at 85, 99; *see also* Dkt. No. 75 at 2.

Defendants oppose plaintiff's motion for preliminary injunctive relief, urging its denial because (1) Dr. Lovette and Nurse Practitioner Darling are not parties to this action; (2) any request for injunctive relief against the Mid-State C.F. defendants fails because they have no authority to control or modify plaintiff's medical care at Wende C.F.; and (3) plaintiff has failed to demonstrate his entitlement to the preliminary injunctive relief requested.  Dkt. No. 75.

To the extent that plaintiff seeks injunctive relief against Dr. Lovette and Nurse Practitioner Darling - who are not defendants in the present action - injunctive relief is available against non-parties only under very limited circumstances, none of which are present here.  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir.

---

[3] "It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."  *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir.1996) (per curiam).  Plaintiff's transfer from Mid-State C.F. does not however moot requests for injunctive relief against Koenigsmann who is a state-wide New York State Department of Corrections and Community Supervision official.  *See Verley v. Wright*, No. 02 Civ. 1182, 2007 WL 2822199, at *9 (S.D.N.Y. Sep. 27, 2007).

2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Turning to plaintiff's request for preliminary injunctive relief against defendant Koenigsmann, "'[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). Here, plaintiff's allegations that he is not receiving proper medical care at Wende C.F. since his return to custody in 2016, are not sufficiently related to the claims in the complaint that defendants denied him adequate medical care at Mid-State C.F. between April 5, 2013, and February, 2014.

Moreover, even if the Court were to find that the allegations set forth in the motion were sufficiently related to the claims in plaintiff's complaint, plaintiff's motion, which is construed to seek mandatory injunctive relief changing the status quo, fails to demonstrate, with evidence, a "clear and substantial" showing of a likelihood of success or that extreme or very serious damage will result if the motion is denied. *See Moore*, 409 F.3d at 510 (preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Accordingly, for the foregoing reasons, plaintiff's motion for preliminary injunctive relief (Dkt. No. 74) is denied.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 74) is **DENIED**;[4] and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on parties.

**IT IS SO ORDERED.**

Dated: September 20, 2016
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[4] Plaintiff is advised that concerns regarding his current conditions of confinement at Wende C.F. should be addressed through administrative channels at Wende C.F. and the New York State Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action in the appropriate District Court.