UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALONZO ROSS,

                Plaintiff,

v.                                                                                          9:14-CV-1321
                                                                                            (GTS/DJS)

CARL J. KOENIGSMANN, Deputy Comm'r/Chief
Med. Officer, NYS DOCCS; DR. SUBBARAO
RAMINENI; DR. VENTAKA MANNAVA; AMY
FERGUSON, Nurse Practitioner; and P. REESE,
Registered Nurse,

                Defendants.
_____

APPEARANCES:                                                                OF COUNSEL:

ALONZO ROSS, 12-B-3789
  Plaintiff, *Pro Se*
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

HON. ERIC T. SCHNEIDERMAN                                                   CHRISTOPHER J. HUMMEL, ESQ.
Attorney General for the State of New York                                  Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Alonzo Ross

("Plaintiff") against the five above-captioned employees of the New York State Department of

Corrections and Community Supervision at Mid-State Correctional Facility ("Defendants"), are

the following: (1) Defendants' motion for summary judgment; (2) Plaintiff's cross-motion for

summary judgment; (3) United States Magistrate Judge Daniel J. Stewart's Report-

Recommendation recommending that Defendants' motion be granted in part and denied in part, and that Plaintiff's cross-motion be denied; (4) Defendants' Objection to the Report-Recommendation; and (5) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 31, 64, 79, 81, 82.) For the reasons set forth below, the Report-Recommendation is adopted in its entirety; and Defendants' motion for summary judgment is granted in part and denied in part, and Plaintiff's cross-motion for summary judgment is denied.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Stewart's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Stewart rendered the following recommendations: (1) that Plaintiff's Eighth Amendment deliberate indifference claims be dismissed against Defendants Koenigsmann (based on a lack of personal involvement); (2) that Plaintiff's Eighth Amendment deliberate indifference claims based on the other Defendants' treatment of his chronic pain symptoms be dismissed (based on a lack of admissible record evidence establishing that he was recklessly denied adequate medical care for those symptoms) except for his claim against Defendants Ferguson and Mannava based on their discontinuance of his neurontin prescription; (3) that Plaintiff's Eighth Amendment deliberate indifference claims based on the other Defendants' treatment of his heart condition be dismissed (based on a lack of personal involvement and a lack of admissible record evidence establishing that he was recklessly denied adequate medical care for that condition); (4) that Plaintiff's Eighth Amendment deliberate indifference claims based on the other Defendants' treatment of his asthma and shortness of breath be dismissed (based on a lack of admissible record evidence establishing that he was recklessly denied adequate medical care for that condition); and (5) that Plaintiff's First Amendment retaliation claims be dismissed against (a) Defendants Reese and

Ferguson (based on the doctrine of qualified immunity because there is no "clearly established right" under the First Amendment for inmate's to request medical attention), and (b) Defendants Mannava and Ramineni (based on a lack of record evidence establishing an adverse action and a causal connection between protected activity and such adverse action). (Dkt. No. 79, at Part III.)

### B. Defendants' Objection to the Report-Recommendation

Generally, in their Objection, Defendants argue that, while the bulk of the Report-Recommendation should be adopted, the portion recommending the survival of Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Ferguson and Mannava (based on their discontinuance of his neurontin prescription) should be rejected for the following two reasons: (1) notations in Plaintiff's medical records that he was prescribed Neurontin medication to be administered in "crushed" form (which is not dissolved in water but requires a patient to drink water after putting the medication in his mouth), a notation that he drank water after putting the Neurontin in his mouth, and a notation that a nurse found a "chalky mush" in Plaintiff's mouth (after he was called back for closer examination) render impossible a factual finding that the medication was dissolved in water before he put it in his mouth (and thus that it could not have been "cheeked" for distribution to other inmates) on October 21, 2013; and (2) even if the impossibility of Plaintiff's assertion is not clear from the record examined by Magistrate Judge Stewart, it is clear from the supplemental declaration of Defendant Ferguson, which the Court may consider under 28 U.S.C. § 636(b)(1), which provides that, upon a party's submission of further evidence along with written objections to a report-recommendation, "[t]he [district] judge may . . . receive [such] further evidence or recommit the matter to the magistrate judge with instructions." (Dkt. No. 81, at Parts I and II.)

3

### C. Plaintiff's Objection to the Report-Recommendation

Generally, in his Objection, Plaintiff asserts the following five arguments: (1) that Magistrate Judge Stewart erred in dismissing Plaintiff's deliberate indifference claims for chest pain/heart condition based on Plaintiff's failure to exhaust his administrative remedies, because the records show that his grievances had merit and followed the three-step grievance process; (2) that Magistrate Judge Stewart erred in determining that Defendants' changes to Plaintiff's pain medication did not support a deliberate indifference claim, because he experienced increasing pain and withdrawal symptoms; (3) that Magistrate Judge Stewart erred in determining that Defendants were not aware of Plaintiff's heart and breathing issues prior to December 11, 2013, because Plaintiff's medical records were transferred to Mid-State Correctional and Plaintiff had previously sought medical attention from staff for chest pain/breathing issues; (4) that Plaintiff's deliberate indifference claims should not be dismissed without further development of the record, because, while Plaintiff received some treatment, that fact does not mean the treatment was adequate or effective or that Defendants had no intent to deprive Plaintiff of proper care; and (5) that Plaintiff's retaliation claims should not be dismissed as against Defendant Reese (because Reese threatened to write a misbehavior report against him), Defendant Ferguson (because Ferguson falsely accused Plaintiff of misusing neurontin), and Defendants Mannava and Ramineni (because they failed to address Plaintiff's grievances). (Dkt. No. 82.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

4

report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds four points.

First, Plaintiff's arguments for rejecting the Report-Recommendation (described above in Part I.C. of this Decision and Order) consist simply of reiteration of arguments asserted in his opposition memorandum of law. (*Compare* Dkt. No. 82 [Plf.'s Objection] *with* Dkt. No. 64, Attach. 1, at Points I through III [Plf.'s Opp'n Memo. of Law].) As a result, the portions of the Report-Recommendation "challenged" by Plaintiff are entitled to only a clear-error review, which they easily survive.

Second, even if the Court were to subject the above-referenced portions of the Report-Recommendation to a *de novo* review, those portions would survive that review for the reasons stated by Magistrate Judge Stewart in his thorough and correct Report-Recommendation. The Court notes that Plaintiff's objection regarding Magistrate Judge Stewart's exhaustion-of-

---

report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

7

administrative-remedies conclusion is flawed for the additional reason that Magistrate Judge Stewart, although concluding that Plaintiff failed to exhaust his administrative remedies, based his decision not on the failure to exhaust but on the merits of Plaintiff's claims. (Dkt. No. 79, at 18.)

Third, with regard to the first argument asserted in Defendants' Objection (which is based on the record that was presented to Magistrate Judge Stewart), the Court rejects Defendants' assertion that, despite Plaintiff's deposition testimony, it is an undisputed fact that Neurontin was not dissolved in water when it was given to Plaintiff on October 31, 2013, based on (1) the notations "crush" with regard to Neurontin in Plaintiff's medical records, (2) the notation "while putting it in his mouth then drinking water" in his medical records, and (3) the notation in his medical records that a nurse found a "chalky mush" in Plaintiff's mouth (after he was called back for closer examination). The Court notes that it might reach a different conclusion if Plaintiff's medical records contained a notation "crush dissolve" (suggesting there is a distinction between "crush dissolve" and "crush"). However, after conducting a *sua sponte* review of those medical records, the Court has been unable to find such a notation; rather, it has found only the notation "crush." (Dkt. No. 31, Attach. 2, at 154 [containing notation "crush" with regard to MS Contin]; Dkt. No. 32, Attach. 1, at 5 [containing notation "crush" with regard to Neurontin]; Dkt. No. 32, Attach. 2, at 13 [containing notation "crush before giving" with regard to Neurontin]; Dkt. No. 32, Attach. 3, at 9 [containing notation "crush" with regard to Neurontin]; Dkt. No. 32, Attach. 3, at 15 [containing notation "crush" with regard to Neurontin]; Dkt. No. 32, Attach. 4, at 10 [containing notation "crush" with regard to MS Contin]; Dkt. No. 32, Attach. 4, at 14 [containing notation "crush" with regard to Neurontin]; Dkt. No. 32, Attach. 4, at 18 [containing notation "crush" with regard to Neurontin].)

Fourth, with regard to the second argument asserted in Defendants' Objection (which is based on a supplement to the record that was presented to Magistrate Judge Stewart), while the Court is tempted to consider the new evidence adduced by Defendants during the objection-phase of this action, the Court declines to do so. To succeed in presenting such new evidence, Defendants must submit a persuasive justification for not offering the evidence to Magistrate Judge Stewart. *See, supra,* note 2 (and accompanying text) of this Decision and Order. As a justification for not offering the evidence to Magistrate Judge Stewart, Defendants do not argue that the evidence did not exist at the time, was unknown to them despite their reasonable efforts to discover it, or was known to both them and Plaintiff but was unintentionally omitted from the record.[5] Rather, Defendants argue that, when they filed their motion for summary judgment, they were focused on challenging Plaintiff's "voluminous claims" and were not able to perceive the need for adducing the evidence in question until Magistrate Judge Stewart "narrowed" the scope of this action and identified the issue that the evidence regards. (Dkt. No. 81.) While the Court may be sympathetic with the breadth of the task Defendants faced when filing their motion for summary judgment, the Court finds their justification inadequate.

At the time they filed their motion, Defendants knew of Plaintiff's deposition testimony that he could not have "cheeked" the Neurontin because it had been crushed *and diluted in water* before he had swallowed it–pursuant to his "crush dilute" prescription–rendering the "chalk[y]" residue in his mouth not surprising. (Dkt. No. 31, Attach. 1, at 140-41.) They also knew that Plaintiff's medical records indicated that he had been prescribed Neurontin in "crush[ed]" form, not "crush[ed] [and] dilute[d]" form. (*See, e.g.,* Dkt. No. 32, Attach. 1, at 5; Dkt. No. 32, Attach.

---

[5] The Court expresses no opinion regarding whether any of the three above-described excuses would constitute a sufficient justification.

9

2, at 13; Dkt. No. 32, Attach. 3, at 9; Dkt. No. 32, Attach. 3, at 15; Dkt. No. 32, Attach. 4, at 14; Dkt. No. 32, Attach. 4, at 18.) As a result, it was reasonable for Defendants to conclude, at that time, that evidence was needed to show that (1) a notation of "crush" on Plaintiff's medical records was not the same as a notation of "crush dilute," "crush and dissolve" or "liquefied," and/or (2) a notation of "crush" on Plaintiff's medical records meant that the medication would be followed by a cup of water not placed in a cup of water. The Court notes that, while Defendants requested (and were granted) leave to file an oversized memorandum of law of 40 pages in order to address all of Plaintiff's "far-ranging" claims, Defendants filed one of only 32 pages. (Dkt. No. 28; Text Order of Jan. 27, 2016; Dkt. No. 31, Attach. 4.)

Furthermore, the Court must take into account the fact that, if it granted Defendants' request, it would in all fairness have to permit Plaintiff a reasonable opportunity to respond to Defendants' new evidence and Objection (through the submission of a response to Defendants' Objection and/or new evidence of his own).[6] While in certain circumstances the Court might be inclined to follow that route, here, the Court finds it more appropriate to deny Defendants' request and adjudge the partial denial of their motion for summary judgment to be one *without prejudice*. This will permit the parties to clearly identify, support and brief the factual issue in question, and will permit the undersigned to have the much-appreciated analysis and recommendation of Magistrate Judge Stewart.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 79) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

---

[6] The Court notes that Defendants' Objection is dated January 22, 2016, and that Plaintiff's Objection is dated January 21, 2016, rendering it impossible that Plaintiff received Defendants' Objection before he submitted his own. (Dkt. Nos. 81, 82.)

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 31) is **GRANTED** in part and **DENIED** in part without prejudice such that all of Plaintiff's claims are **DISMISSED** except his Eighth Amendment deliberate indifference claim against Defendants Ferguson and Mannava based on the discontinuation of his Neurontin prescription, which **SURVIVES** Defendants' motion; and it is further

**ORDERED** that Plaintiff's cross-motion for summary judgment (Dkt. No. 64) is **DENIED**; and it is further

**ORDERED** that Defendants' second motion for summary judgment, should they choose to file one, is due within **THIRTY (30) DAYS** of the date of this Decision and Order. In the event that Defendants do not file a second motion for summary judgment, the Court will appoint pro bono counsel for Plaintiff at that time and schedule a pretrial conference to set a trial date.

Dated: September 28, 2016
       Syracuse, New York

                                      HON. GLENN T. SUDDABY
                                      Chief United States District Judge