UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALONZO ROSS,

                        Plaintiff,

v.                                              9:14-CV-1321
                                                   (GTS/DJS)

DR. VENTAKA MANNAVA; and
AMY FERGUSON, Nurse Practitioner,

                        Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

ALONZO ROSS, 12-B-3789
  Plaintiff, *Pro Se*
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. ERIC T. SCHNEIDERMAN              CHRISTOPHER J. HUMMEL, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Alonzo Ross ("Plaintiff") against the two above-captioned employees of the New York State Department of Corrections and Community Supervision at Mid-State Correctional Facility ("Defendants"), are (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendants' motion for summary judgment be granted and Plaintiff's Complaint be dismissed, and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 111, 114.)

For the reasons set forth below, Magistrate Judge Stewart's Report-Recommendation is accepted and adopted in its entirety, Defendant's motion is granted, and Plaintiff's Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Stewart's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Stewart recommended that Plaintiff's Eighth Amendment claim of deliberate medical indifference arising from Defendants' discontinuance of his Neurontin medication based on his asserted misuse of the medication (which is the sole remaining claim in this action) should be dismissed because (1) a defendant's decision to discontinue an inmate's medication where there is evidence that the inmate is misusing the medication does not demonstrate that the defendant acted with the requisite culpable mental state which is similar to that of criminal recklessness, (2) here, Plaintiff's medical records, supported by Defendant Ferguson's Second Declaration (including Plaintiff's medical record of October 21, 2013), establish that (a) Plaintiff's Neurontin medication was given to him in "crushed" form, rather than "crushed and dissolved" or "liquefied" form, in order that staff could easily detect if Plaintiff was attempting to "cheek" the medication, and (b) Plaintiff's Neurontin medication was discontinued after he was caught cheeking it, and (3) Plaintiff's conclusory assertion that his medical records were "fabricated" is insufficient to create a genuine issue of material fact on the subject. (Dkt. No. 111, at Part II.C.)

### B. Plaintiff's Objection to the Report-Recommendation

Generally, liberally construed, Plaintiff's Objection argues that a genuine dispute of material fact still exists as to whether he was caught cheeking Neurontin for two reasons: (1) in

note 2 of Magistrate Judge Stewart Report-Recommendation (in which rejects Plaintiff's challenge to the authenticity of a medical record, dated October 21, 2013, because Plaintiff himself previously relied on that record), Magistrate Judge Stewart "obviously missed the mark" in that Plaintiff is not simply challenging the *authenticity* of the medical record but arguing that Defendant Ferguson *fabricated* that record; and (2) more specifically, Plaintiff's medical record dated October 21, 2013, lacks reliability due to the fact that (a) Defendant Ferguson did not actually observe the administration of Neurontin to Plaintiff in crushed form on that date or his cheeking of it, and (b) the truthfulness of the record (which she drafted) is undermined by her self-interest, which is not diminished by the fact that such records are made pursuant to strict instructions. (Dkt. No. 114, at Parts C and D.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds the following three points.

First, the crux of Plaintiff's Objection is his argument that his medical record dated October 21, 2013, lacks reliability due to the fact that (a) Defendant Ferguson did not actually observe the administration of Neurontin to Plaintiff in crushed form on that date or his cheeking of it, and (b) the truthfulness of the record (which she drafted) is undermined by her self-interest. *See, supra,* Part I.B. of this Decision and Order. To the extent his Objection asserts this argument, the assertion is simply a reiteration of an argument previously asserted by Plaintiff in his underlying opposition memorandum of law. (*Compare* Dkt. No. 114, at Parts C and D [Plf.'s Obj.] *with* Dkt. No. 94, Attach. 1, at 13, 16-17 [attaching pages "11," "14" and "15" of Plf.'s Opp'n Memo. of Law, arguing that the medical record of Oct. 1, 2013, is self-serving and not based on Def. Ferguson's personal knowledge].) As a result, Magistrate Judge Stewart's finding of reliability as to Plaintiff's medical record of October 21, 2013, is subject to only a clear-error review. *See, supra,* Part II of this Decision and Order. This finding easily survives that review, for the reasons stated by Magistrate Judge Stewart. (Dkt. No. 111, at 8-9 & n.2.)

Second, relatedly, even when construed with the utmost of special leniency, Plaintiff's Objection fails to specifically challenge Magistrate Judge Stewart's finding that the record before him establishes that Plaintiff's Neurontin medication was given to him in "crushed" form, rather than "crushed and dissolved" or "liquefied" form, in order that staff could easily detect if he was attempting to "cheek" the medication. (*Compare* Dkt. No. 114 [Plf.'s Obj.] *with* Dkt. No. 111, at 8-9 [Report-Recommendation].) For example, conspicuously missing from Plaintiff's Objection is even an *argument* that (1) those portions of Plaintiff's medical records that say "crush" (and not "crush dissolve") were fabricated, and/or (2) Defendant Ferguson was lying in Paragraphs 4, 5, 8, and 12 of her Second Declaration (when she testified that Plaintiff's Neurontin medication was given to him in "crushed" form, rather than "crushed and dissolved" or "liquefied" form, in order that staff may easily detect if Plaintiff was attempting to "cheek" the medication). (*See generally* Dkt. No. 114.) As a result, the finding in question (i.e., that the record before Magistrate Judge Stewart establishes that Plaintiff's Neurontin medication was given to Plaintiff in "crushed" form, rather than "crushed and dissolved" or "liquefied" form, in order that staff may easily detect if Plaintiff was attempting to "cheek" the medication) is subject to only a clear-error review. *See, supra,* Part II of this Decision and Order. Again, this finding easily survives that review, for the reasons stated by Magistrate Judge Stewart. (Dkt. No. 111, at 8-9 & n.2.)

Third, even if the Court were to subject the entirety of the Report-Recommendation to *a de novo* review, the Report-Recommendation would survive that review. With regard to Plaintiff's argument that his medical record of October 21, 2013, cannot be relied on because Defendant Ferguson did not actually observe the administration of Neurontin to Plaintiff in

crushed form on that date or his cheeking of it, that argument fails because, in addition to the Fed. R. Civ. P. 803(6) point correctly made by Magistrate Judge Stewart, the fact remains that the standard for admissibility under Fed. R. Civ. P. 56 is merely whether the evidence can "be presented in a form that would be admissible in evidence" (which, here, the evidence can be). Fed. R. Civ. P. 56(c)(2). Furthermore, with regard to Plaintiff's argument that his medical record of October 21, 2013, cannot be relied on because Defendant Ferguson had a motive to lie about it, that argument fails because, in addition to the prior-reliance point correctly made by Magistrate Judge Stewart, the fact remains that a non-movant cannot create a genuine dispute of material fact for purposes of a motion for summary judgment by simply challenging the credibility of a declarant.[5] Finally, even if the Court were to look beyond Plaintiff's Objections and *sua sponte* scour the record for a genuine dispute of material fact, the Court would be unable to find one: most notably, Plaintiff's assertion that his medication was given to him in dissolved form (despite what his medical records state) is not supported by a citation to admissible record evidence. (Dkt. No. 94, at ¶ 21 [Plf.'s Rule 7.1 Response].)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 111) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

---

[5] *See, e.g., McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272, 280 (2d Cir. 1999) (explaining that a plaintiff does not create a genuine issue of fact merely by "impugning [a witness'] honesty"); *Zito v. Fried, Frank, Harris, Shriver & Jacobson, LLP*, 869 F. Supp.2d 378, 391 (S.D.N.Y. 2012) ("Neither conclusory assertions, nor contentions that the affidavits supporting the motion are not credible, create a genuine issue of material fact."); *Chem. Bank v. Hartford Acc. & Indem. Co.*, 82 F.R.D. 376, 378 (S.D.N.Y.1979) ("[A] naked attack upon the affidavits of a moving party is, without more, insufficient to place the credibility of the affiant in issue.").

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 90) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: September 29, 2017
       Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge